UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,                    Case No. 06-20465

v.                                    Honorable Nancy G. Edmunds

RONALD HATMAKER (D-22),

              Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [3078] AND DENYING AS MOOT AN ADDITIONAL MOTION FOR RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) [3079]

Defendant Ronald Hatmaker is currently in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution Hazelton in Bruceton Mills, West Virginia. The matter is before the Court on Defendant's second motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 3078.) Defendant moved to dismiss his first motion without prejudice and the Court granted his request. (ECF Nos. 3061, 3074.) The Government opposes Defendant's motion and has filed a response.[1] (ECF No. 3065.) The Court has reviewed the record in its entirety and finds that a hearing is not necessary. For the reasons set forth below, the Court GRANTS Defendant's motion.

## I.    Background

Defendant was the Detroit Chapter President and one of more than 90 members of the Detroit Highwaymen Motorcycle Club that was charged in a second superseding indictment on December 15, 2009. On March 25, 2010, Defendant pleaded guilty to Count

---

[1] Although the Government's response was filed in opposition to Defendant's first motion for compassionate release, it is sufficient for purposes of the present motion. No second response was ordered or filed.

2 of that indictment, conspiracy to commit racketeering. The Court sentenced him to a 188-month term of imprisonment to be followed by a three-year term of supervised release. (ECF No. 2412.) Due to a change in the law, Defendant's term of imprisonment was later reduced to 170 months. (ECF No. 3011.)

Defendant is now 63 years old and his projected release date is December 10, 2024. He submitted a request for release to the warden of his facility which was denied on March 16, 2021.[2] Defendant now moves this Court for compassionate release based upon an increased vulnerability to COVID-19 due to his significant cardiovascular problems. Defendant states he will reside with his sister if released and immediately seek the medical care he requires.

## II.    Analysis

The compassionate release provision set forth in § 3582(c)(1)(A) allows district courts to reduce a term of imprisonment for "extraordinary and compelling reasons." *See United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020). Historically, only the BOP's Director could bring a motion under this provision, but Section 603(b) of the First Step Act—titled "[i]ncreasing the use and transparency of compassionate release"—removed the BOP from this gatekeeper role and amended § 3582(c)(1)(A). *Jones*, 980 F.3d at 1104-05 (citing First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, 5239). A defendant may now bring a motion for compassionate release on his own behalf after 1) exhausting the BOP's administrative process, or 2) thirty days have passed from the

---

[2] Defendant also states that he submitted a request to the warden on November 12, 2020 and received no reply. He was unable to provide proof of this request, however, so he opted to dismiss and refile his motion after re-petitioning the warden. (See ECF No. 3074 at 2, 3078 at 16.)

warden's receipt of a request for release from the defendant—whichever is earlier. *Id.* at 1105.

Before granting compassionate release pursuant to § 3582(c)(1)(A), a court must conduct the following "'three-step inquiry:'" the court must 1) "'find' that 'extraordinary and compelling reasons warrant a sentence reduction,'" 2) "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,'" and 3) "'consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a).'" *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *Jones*, 980 F.3d at 1101). The Sixth Circuit has held that the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13 is not an applicable policy statement for compassionate release motions brought directly by defendants. *Id.* at 519. Thus, in such cases, a court need not consider § 1B1.13 and has the discretion to define "extraordinary and compelling." *Id.* at 519-20.

### A. Exhaustion of Administrative Remedies

The Sixth Circuit Court of Appeals has held the exhaustion requirement in § 3582(c)(1)(A) is mandatory. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). Defendant claims he petitioned the warden for compassionate release prior to his first motion, but he neglected to provide proof of exhaustion to the Court. (See ECF No. 3061.) Defendant subsequently moved to dismiss his initial motion without prejudice and the Court granted his request. (ECF No. 3074.) Defendant now attaches a letter from the warden of his facility denying Defendant's request for a reduction in sentence. (ECF No. 3078 at 16.) Accordingly, this threshold requirement for relief has been satisfied.

## B.    Extraordinary and Compelling Reasons

Defendant's medical records establish he has unstable angina and mild aortic stenosis—heart conditions that place him at an increased risk of severe illness or death from COVID-19. *See People with Certain Medical Conditions,* Centers for Disease Control and Prevention (last updated May 13, 2021), https://perma.cc/5DSF-Z4TP. According to Defendant, these conditions may require placement of a stent in his heart valve or open-heart surgery. As of the date of his motion, he was awaiting an outside medical evaluation. (ECF No. 3078 at 2.) But it is unclear whether this evaluation has been scheduled as his medical records note "there are unexpected delays and unforeseen obstacles interfering with the usual delivery of medical care" during the COVID-19 pandemic. (ECF No. 3066-2, filed under seal.) The Government does not dispute that Defendant's heart conditions qualify as "extraordinary and compelling reasons." (ECF No. 3065 at 14.) The Court therefore finds that this requirement of 18 U.S.C. § 3582(c)(1)(A) has been met.

## C.    Sentencing Factors

Despite Defendant's serious heart conditions and medical needs, the Government urges the Court to deny Defendant's motion based upon a consideration of the § 3553(a) sentencing factors. Under § 3582(c)(1)(A), the Court must consider these factors to the extent that they are applicable. The factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter the defendant and others from committing similar crimes, and protect the public. *See* § 3553(a).

Turning first to the nature and circumstances of the offense, Defendant concedes that his crime was serious and recognizes that this factor could conceivably weigh against granting compassionate release. *See* § 3553(a)(1). But Defendant argues that the remaining 3553(a) factors, under the present circumstances, weigh in favor of granting his motion. The Court agrees.

Defendant's most relevant personal characteristics are his age, health and medical needs, and his vulnerability to COVID-19. The BOP has taken steps to reduce the spread of COVID-19 in its facilities, including an unprecedented rollout of vaccines for staff and inmates, but these precautionary measures do not in and of themselves guarantee that Defendant will not come into contact with the virus. The increased risk of infection Defendant faces while incarcerated, along with Defendant's advanced age and need for immediate medical care, suggest release to home detention is appropriate.

Moreover, the Court finds that the time Defendant has already served in prison is sufficient to accomplish the statutory goals of imposing punishment given the present circumstances. Defendant has served more than eight years of his sentence including one year of prison lockdowns and restrictions due to the pandemic. Defendant has also made efforts to rehabilitate himself while in prison and has been placed in the FCI Hazelton's "Honor Dorm," where he is held to a higher standard of conduct. Defendant has remained incident-free while living there and has shown a willingness to abide by the rules. The balance of the § 3553(a) sentencing factors therefore weighs in favor of granting Defendant's motion.

### III. Additional Motion For Release

On May 12, 2021, the Court docketed an additional motion for compassionate release dated January 19, 2021. (ECF No. 3079.) This motion is nearly identical to Defendant's first motion, also dated January 19, 2021, that was dismissed without prejudice. (See ECF Nos. 3061, 3074.) Given the Court's decision on Defendant's most recent motion, ECF No. 3079 is DENIED AS MOOT.

### IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's April 29, 2021 motion for a sentence reduction under § 3582(c)(1)(A) is GRANTED. The custodial portion of Defendant's sentence is reduced to time served;

IT IS FURTHER ORDERED that Defendant's January 19, 2021 motion for compassionate release is DENIED AS MOOT;

IT IS FURTHER ORDERED that, immediately upon release, Defendant shall commence a three-year term of supervised release;

IT IS FURTHER ORDERED that Defendant shall serve the first 12 months of supervised release under home detention and shall not leave his residence other than for medical appointments or other specific reasons detailed in the forthcoming amended judgement;

IT IS FURTHER ORDERED that Defendant's final 24 months of supervised release shall be served according to the conditions imposed by the Court in its original judgment with additional terms to be considered in the Court's discretion and in consultation with the Probation Department;

IT IS FURTHER ORDERED that unless Defendant has been in a segregated special unit for high-risk prisoners for more than 14 days where no inmate has tested positive or shown symptoms of COVID-19 within the past 14 days, Defendant shall self-quarantine within his home for 14 days upon his release.

Defendant's original sentence remains unchanged in all other respects.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 21, 2021


I hereby certify that a copy of the foregoing document was served upon counsel of record on May 21, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager